Filed 3/5/26  Sumter v. Bank of America CA2/2
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| TERRI SUMTER, | B347332 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 23TRCV02195) |
| v. | |
| BANK OF AMERICA, N.A., | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Tamara Hall, Judge.  Affirmed.

Terri Sumter, in pro. per., for Plaintiff and Appellant.

Stinson, Jan T. Chilton and Elizabeth C. Farrell for Defendant and Respondent.

_____

Plaintiff and appellant Terri Sumter, appearing in propria persona, appeals from the trial court's order sustaining a demurrer and dismissing, with prejudice, Sumter's first amended complaint (FAC) against defendant and respondent Bank of America, N.A. (Bank of America).[1]  We affirm.

## BACKGROUND

From the limited record provided on appeal, we glean the following:

On March 3, 2025, Sumter filed the FAC, claiming that Bank of America committed "conversion [and] theft" of surplus proceeds from its 2011 foreclosure sale of Sumter's property. (Capitalization and bolding omitted.)  Sumter alleged that she submitted a surplus claim to Bank of America on March 9, 2023, and had yet to receive a response.

On April 10, 2025, Bank of America filed a demurrer and a motion to request judicial notice of several documents associated with the 2011 foreclosure and a related bankruptcy proceeding. Sumter opposed the motion and objected to the request for judicial notice.

The trial court posted a tentative ruling, which largely granted Bank of America's request for judicial notice and sustained the demurrer.  Among other things, the court found that "the cause of action for conversion and theft is time barred[,]" as documents from the bankruptcy case indicated that

---

[1]     "'Orders sustaining demurrers are not appealable.'" [Citation.]  'Nevertheless, in the interest of judicial economy, we may construe [an] order sustaining the demurrer without leave to amend as a final appealable judgment.' [Citation].  We do so here." (*Chavez v. Alco Harvesting, LLC* (2024) 102 Cal.App.5th 866, 870.)

Sumter should have been aware of the surplus "by at leas[t] July 23, 2012[,]" and the FAC did not allege any reason for Sumter's nearly 11-year delay in seeking the funds.[2]  The tentative ruling also granted Sumter leave to amend.

On May 14, 2025, the trial court held a hearing on Bank of America's motions.  After hearing argument, the trial court adopted the majority of its tentative ruling, but denied Sumter leave to amend her complaint.

Sumter timely appealed.

## DISCUSSION

"'[A]n appealed judgment is presumed correct, and appellant bears the burden of overcoming the presumption of correctness.' [Citation.]" (*Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277 (*Hernandez*).)  This axiomatic principle applies equally to all litigants, including those representing themselves.  (See *People v. Frederickson* (2020) 8 Cal.5th 963, 1000 ["Self-represented [parties] are 'held to the same standard of knowledge of law and procedure as is an attorney[.]'"]; *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 985 ["A doctrine generally requiring or permitting exceptional treatment of parties who represent themselves would lead to a quagmire in the trial courts, and would be unfair to the other parties to litigation."].)  Sumter fails to meet her burden twiceover.

First, Sumter failed to provide an adequate record for appellate review.  "It is the appellant's affirmative duty to show error by an adequate record.  [Citation.]  'A necessary corollary to this rule [is] that a record is inadequate, and appellant defaults, if the appellant predicates error only on the part of the record

---

[2]     The statute of limitations for conversion is three years.  (Code Civ. Proc. § 338, subd. (c)(1).)

3

[s]he provides the trial court, but ignores or does not present to the appellate court portions of the proceedings below which may provide grounds upon which the decision of the trial court could be affirmed.' [Citation.]" (*Osgood v. Landon* (2005) 127 Cal.App.4th 425, 435.)

Sumter did not provide Bank of America's request for judicial notice in the appellate record, even though the request contained the bankruptcy documents that the trial court relied on to find Sumter's lawsuit was time-barred. She also failed to give us a reporter's transcript or settled statement of the contested hearing at which the court issued its final order.[3] Without these items, we cannot determine whether the trial court erred in sustaining the demurrer and dismissing the FAC with prejudice. Nor can we evaluate Sumter's wide-ranging claims of judicial wrongdoing and constitutional error.

Moreover, Sumter has not alleged a colorable claim of legal error. "'[O]n appeal "the party asserting trial court error . . . must present argument and legal authority on each point raised. [Citation.]" [Citations.] When an appellant raises an issue "but fails to support it with reasoned argument and citations to authority, we treat the point as waived. [Citations.]" [Citation.]' (*Ibid.*)" (*Hernandez, supra,* 37 Cal.App.5th at p. 277.)

On appeal, Sumter's only contentions are that the trial court (1) changed its tentative ruling after argument to deny Sumter leave to amend and (2) was biased against self-

---

[3]　"A settled statement is a summary of the superior court proceedings approved by the superior court. An appellant may either elect . . . to use a settled statement as the record of the oral proceedings in the superior court, instead of a reporter's transcript." (Cal. Rules of Court, rule 8.137(a).)

4

represented litigants.  The former is not a claim of error, as courts are entitled to change their tentative rulings before issuing a final order.  (*Silverado Modjeska Recreation & Park Dist. v. County of Orange* (2011) 197 Cal.App.4th 282, 300 ["[A] trial court's tentative ruling is not binding on the court; the court's final order supersedes the tentative ruling."].)  And Sumter's bias claim is generic and conclusory; it is wholly unsupported by argument, or even allegations of acts or statements that could indicate bias.  (See *People v. Gonzalez* (2021) 12 Cal.5th 367, 394 ["'[A]bsen[t] . . . evidence to the contrary, it is presumed that [an] official duty has been properly performed.'"].)  We remind Sumter that an adverse ruling is not evidence of bias.  (*Brown v. American Bicycle Group, LLC* (2014) 224 Cal.App.4th 665, 674 ["The mere fact that the trial court issued rulings adverse to [appellant] . . . , even assuming one or more of those rulings were erroneous, does not indicate an appearance of bias, much less demonstrate actual bias."].)

Because Sumter "fail[ed] to provide [an] adequate record . . . or make any cognizable claims of error concerning the" order sustaining demurrer and dismissing her case without leave to amend, she effectively waived her appeal.  (*Hernandez, supra*, 37 Cal.App.5th at p. 277.)  We must affirm.

## DISPOSITION

The order is affirmed.  Bank of America is entitled to costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____, J.

GILBERT*

We concur:

_____, P. J.

LUI

_____, J.

RICHARDSON

---

\*      Retired Presiding Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.